IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

MARC HENRY LOPEZ,

    Plaintiff,

v.

SAI BHOLE-NATH HOTELS, INC., a foreign corporation d/b/a BAYMONT INN AND SUITES LUBBOCK DOWNTOWN, SAI HOTELS, LLC d/b/a LONE STAR MOTEL, CHETAN R. PATEL, an individual a/k/a CHAZ PATEL, and BHARTIBEN VIPUL PATEL, an individual a/k/a BHARTI PATEL,

    Defendants.

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE U.S. DISTRICT JUDGE:

Plaintiff, MARC HENRY LOPEZ, by and through his undersigned attorney, files this, his Complaint for Damages against Defendants, SAI BHOLE-NATH HOTELS, INC. d/b/a BAYMONT INN AND SUITES LUBBOCK DOWNTOWN, SAI HOTELS, LLC d/b/a LONE STAR INN, CHETAN R. PATEL a/k/a CHAZ PATEL (hereinafter "C. PATEL"), and BHARTIBEN VIPUL PATEL a/k/a BHARTI PATEL (hereinafter, "B. PATEL") and state as follows:

## INTRODUCTION

1. This is an action by Plaintiff to recover unpaid minimum wage and overtime compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq.*

1

**JURISDICTION**

2.     This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3.     At all times pertinent to this Complaint, Defendants operated a motel called the "Baymont Inn and Suites Lubbock Downtown," located at 601 Avenue Q, Lubbock, Texas 79401.

4.     At all times pertinent to this Complaint, Defendants operated a motel called the "Lone Star Inn," located at 4801 Avenue Q, Lubbock, TX 79412.

5.     At all times pertinent to this Complaint, Defendants regularly owned and operated a business enterprise engaged in commerce or in the production of goods for commerce as defined in sections 3(r) and 3(s) of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

6.     Plaintiff's work at Defendants' motel enterprise involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business and moved in interstate commerce. These materials included office supplies, tools, electronic equipment, paper, drywall supplies, construction equipment, and other materials necessary for the maintenance and repair of a motel. These materials were manufactured outside the State of Texas.

7.     During the relevant time period described herein, Defendants employed at least two individuals who were "engaged in commerce or in the production of goods for commerce" or "had employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person," as defined in 29 U.S.C. § 203(s)(1)(A)(i). These materials also included office supplies, laundry supplies, telephones, tools, cleaners, bedding supplies, electronic equipment, paper, and other materials necessary for the operation of a motel. These materials were manufactured outside the State of Texas.

8. Upon information and belief, during the period of Plaintiff's employment, Defendants' enterprise, consisting of at least two motels, had an annual gross volume of sales made or business done of not less than five hundred thousand dollars in accordance with 29 U.S.C. § 203(s)(1)(A)(ii).

9. In addition to the foregoing, Plaintiff is entitled to the protections of the FLSA as he was "individually covered" by that statute. During his employment, he was required to use instrumentalities of interstate commerce (phones, internet) on a regular and recurrent basis with respect to the operation of Defendants' motels.

10. Guests staying at the subject Baymont Inn and Suites Lubbock Downtown come from throughout the United States.

11. The Baymont Inn and Suites Lubbock Downtown used websites for interstate commerce purposes, including but not limited to the booking of guest rooms.

12. Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within this judicial district.

13. Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in this judicial district.

## **VENUE**

14. The venue of this Court over this controversy is based upon the following:

    a. The unlawful employment practices alleged below occurred and/or were committed in this judicial district; and

    b. Defendants were and continue to be companies and individuals doing business within this judicial district.

**PARTIES**

15. At the time material hereto, Plaintiff MARC HENRY LOPEZ was a resident of this judicial district and was an "employee" of Defendants within the meaning of the FLSA.

16. At all times material hereto, Defendant, SAI BHOLE-NATH HOTELS, INC., was a foreign (Georgia) corporation operating in Lubbock, Texas.

17. At all times material hereto, Defendant, SAI HOTELS, LLC., was a Texas limited liability company operating in Lubbock, Texas.

18. At all times material hereto, the individual Defendants were conducting business in this judicial district.

19. At all times material hereto, Defendants were the employers of Plaintiff.

20. At all times material hereto, Defendants were and continue to be "employer[s]" within the meaning of the FLSA.

21. At all times material hereto, Defendants failed to pay Plaintiff wages in conformance with the FLSA.

22. At all times pertinent to this Complaint, SAI BHOLE-NATH HOTELS, INC and SAI HOTELS, LLC engaged in a unified, integrated business enterprise (lodging business) which shared workers, materials, and resources, had related business activities and common control/management, and which jointly employed the Plaintiff.

23. At all times material hereto, SAI BHOLE-NATH HOTELS, INC. is and was an "enterprise engaged in commerce" within the meaning of the FLSA.

24. At all times material hereto, SAI HOTELS, LLC is and was an "enterprise engaged in commerce" within the meaning of the FLSA.

25. At all times material hereto, the work performed by Plaintiff was directly essential to the business conducted by Defendants.

26. Plaintiff has fulfilled all conditions precedent to the institution of this action, and/or such conditions have been waived.

## STATEMENT OF FACTS

27. From about May 15, 2024, through about May 12, 2025, the Plaintiff was jointly employed by SAI BHOLE-NATH HOTELS, INC. and SAI HOTELS, LLC to provide a variety of maintenance and repair services related to Defendants' two (2) motels, the Lone Star Inn and the Baymont Inn and Suites Lubbock Downtown. The Plaintiff also performed other work given to him by his supervisors, including but not limited to the individual Defendants.

28. At all times during the Plaintiff's employment, he should have been paid at least the federal minimum wage ($7.25) for each hour worked.

29. Because the Defendants' motel needed maintenance services day and night and throughout the week, the Plaintiff generally worked seven days per week.

30. Defendants failed to keep accurate records of Plaintiff's hours and wages worked in accordance with the FLSA's recordkeeping requirements.

31. During his employment, the Plaintiff resided on the Defendants' property at the Baymont Inn and Suites Lubbock Downtown.

32. Defendants required the Plaintiff to pay a room rental fee to reside at the Baymont Inn and Suites Lubbock Downtown.

33. During his employment, the Defendants charged the Plaintiff unlawful amounts for his lodging that bore no relationship to the Defendants' actual cost.

34. The Defendants charged the Plaintiff a market, retail rate for his room, which allowed the Defendants to profit off the Plaintiff.

35. The Defendants required Plaintiff to "kickback" money to the Defendants.

36. During Plaintiff's employment, Defendants failed to pay him at or above the applicable minimum wage for each hour worked.

37. From about May 15, 2024, to about June 14, 2024, Plaintiff worked about 51 hours per week (working about 6 days per week, about 8.5 hours per day). In this period, Plaintiff was paid no wages. Instead of receiving wages, Plaintiff was required to kick back about $385.00 per week to the Defendants.

38. From about June 15, 2024, through about May 12, 2025, Plaintiff worked seven (7) days per week. He would start his day at approximately 8:30 a.m. and work until about 11:30 p.m. For the period of about June 15, 2024, to May 12, 2025, Plaintiff worked about 98 hours per week.

39. In addition to being paid nothing or below the minimum wage, when Plaintiff worked in excess of 40 hours per week at Defendants' motels, Defendants also failed to pay him for those hours at the rate of one and one-half times the applicable minimum wage.

40. Defendant C. PATEL was a supervisor and manager of SAI BHOLE-NATH HOTELS, INC. and SAI HOTELS, LLC. C. PATEL actively ran the businesses; acted directly or indirectly in the interest of the Baymont Inn and Suites Lubbock Downtown and Lone Star Inn in relation to Plaintiff's employment; was directly involved in decisions affecting employee compensation and/or hours worked by Plaintiff; and/or was substantially in control of the terms and conditions of Plaintiff's work.

41. Defendant C. PATEL had the ability to hire and fire employees, supervised or controlled employees' work schedules and conditions of employment, and/or determined the rate and method of payment of wages to employees.

42. Defendant B. PATEL was a supervisor of SAI BHOLE-NATH HOTELS, INC. and SAI HOTELS, LLC.  B. PATEL helped direct and manage the Defendants' businesses; acted directly or indirectly in the interest of the Baymont Inn and Suites Lubbock Downtown and Lone Star Inn in relation to Plaintiff's employment; and was aware that employees were not being paid in compliance with the FLSA.

43. C. PATEL was Plaintiff's employer as defined by 29 U.S.C. § 203(d). Therefore, he is individually liable for the FLSA violations.

44. B. PATEL was Plaintiff's employer as defined by 29 U.S.C. § 203(d). Therefore, she is individually liable for the FLSA violations.

45. Plaintiff has retained the undersigned counsel to represent him in this litigation and has agreed to pay the firm a reasonable fee for their services.

## STATEMENT OF CLAIM:

### COUNT I

### VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)

46. Plaintiff reallege Paragraphs 1 through 45 of this Complaint as if fully set forth herein.

47. Plaintiff's employment with Defendants was to consist of a normal workweek for which he was to be compensated at or above the FLSA minimum wage.

48. 29 U.S.C. § 206 requires that any employee covered by the FLSA be paid their minimum wages.

49. During Plaintiff's employment, Defendants paid him less than the statutory minimum wage for his work hours.

50. Defendants acted willfully and maliciously in failing to pay proper minimum wages to Plaintiff.

51. For each workweek during the time periods set forth *supra*, Plaintiff is entitled to the federal minimum wage amount multiplied by the number of hours he worked per week, respectively.

52. As a direct and proximate result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

## COUNT II

### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

53. Plaintiff realleges Paragraphs 1 through 45 as if fully stated herein.

54. Since Plaintiff's date of hire with Defendants, in addition to his typical regular work week, he worked additional hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half.

55. Plaintiff was entitled to be paid at the rate of time and one-half for hours worked in excess of the maximum hours provided for in the FLSA.

56. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

57. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when they knew or should have known such was due. Defendants also failed to adequately disclose or apprise Plaintiff of his rights under the FLSA.

58. Plaintiff is entitled to overtime calculated as 1.5 times the applicable minimum wage rate for all hours in excess of 40 per week, as set forth, *supra*.

59. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

60. Due to the willful, malicious, and unlawful acts of Defendants, Plaintiff has suffered unpaid overtime wages, plus an equal amount as liquidated damages, and his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

## REQUEST FOR RELIEF

For these reasons, the Plaintiff respectfully requests that judgment be rendered in his favor against Defendants for:

a. all unpaid minimum wages due;

b. all unpaid overtime wages owing;

c. liquidated damages;

d. attorneys' fees and costs pursuant to the FLSA;

e. post-judgment interest; and

f. all other and further relief this Court deems to be just.

Respectfully submitted,

*/s/. Peter J. Bober*
PETER J. BOBER
Texas Bar #: 24146717
BOBER & BOBER, P.A.
4000 Hollywood Blvd., Suite 555-S
Hollywood, FL 33021

        Telephone: (954) 922-2298
        Facsimile: (954) 922-5455
        peter@boberlaw.com
        *Counsel for Plaintiff*

        W. J. Wade, Jr.
        Field Manning Stone Aycock P.C.
        2112 Indiana Avenue
        Lubbock, Texas  79410
        Telephone (806) 792-0810
        Fax (806) 792-9148
        dwade@lubbocklawfirm.com
        ***Local Counsel Pursuant to***
        ***Local Rule 83.10 (N.D.Tex.)***